IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO.: 5:17-CV-00109-BR

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>          Plaintiff,<br><br>v.<br><br>SHIVAM OF WADE, INC., d/b/a THE ECONO<br>LODGE; and Kartik Patel, an individual,<br><br>          Defendants. | **JUDGMENT** |

This cause came on for consideration upon Plaintiff's motion and Defendants' Shivam of Wade, Inc. d/b/a The EconoLodge and Kartik Patel consent to the entry of this Judgment, without further contest. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

    1.    They shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than the applicable minimum hourly rate prescribed by said § 6 as now in effect or which hereafter may be made applicable by amendment thereto.

2. They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

3. They shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff shall recover from Defendants back wages in the total amount of $20,395.13 plus liquidated damages in the amount of $20,395.13 due employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule "A" attached hereto. The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

To comply with this provision of this Judgment, Defendants, shall, within **30 days** from entry of this Judgment, deliver to the United States Department of Labor, Wage and Hour Division, 60 Forsyth Street, S.W., Room 7M40, Atlanta, Georgia 30303, a certified or cashier's check or money order payable to "Wage and Hour Division—Labor" in the total amount of **$40,790.26**. In the event of default by Defendants in making such payment, post-judgment interest shall be assessed on any unpaid amount at the rate established pursuant to 28 U.S.C. § 1961.

Defendants shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. Within 30 days from entry of this Judgment, Defendants also shall provide Plaintiff's attorneys with a schedule showing their employer I.D. numbers and a schedule showing the last-known address and social security number as to each employee listed on Schedule "A".

Plaintiff, thereupon, shall distribute the proceeds of such checks, less deductions for federal income taxes and employee contributions to F.I.C.A., as required by law, to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts. Defendants shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. It is

FURTHER ORDERED that each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This __13__ day of __August 2018__.

_____
THE HONORABLE W. EARL BRITT
SENIOR UNITED STATES DISTRICT JUDGE

| DEFENDANTS consent to entry of the foregoing Judgment: | PLAINTIFF moves entry of the foregoing Judgment: |
|---|---|
| *Jeremy R. Sayre by [signature]* #44914 <br> Jeremy R. Sayre <br> Attorney for Defendants <br><br> Ward and Smith, P.A. <br> Post Office Box 33009 <br> Raleigh, NC 27636-3009 <br> Telephone: 919.277.9100 <br> Facsimile: 919.277.9177 <br> js@wardandsmith.com <br><br> [signature] <br> Kartik Patel, an individual | KATE S. O'SCANNALAIN <br> Solicitor of Labor <br><br> STANLEY E. KEEN <br> Regional Solicitor <br><br> ROBERT L. WALTER <br> Counsel <br><br> [signature] <br><br> MONICA R. MOUKALIF <br> Senior Trial Attorney <br><br> U. S. Department of Labor <br> Office of the Solicitor <br> 61 Forsyth Street, SW, Room 7T10 <br> Atlanta Georgia 30303 <br> Telephone: 404-305-5435 <br> Facsimile: 404-302-5438 <br> Email: Atl.Fedcourt@dol.gov <br> Moukalif.monica.r@dol.gov <br><br> Attorneys for Plaintiff, R. Alexander Acosta, <br> Secretary of Labor, <br> U.S. Department of Labor |

07/18/2013 05:20PM 9103233925 ECONOLODGE PAGE 01/01

Schedule "A"
*Secretary v. Shivam of Wade, Inc. dba The Econolodge and Kartik Patel*
C/A No. 5:17-CV-00109-BR

| Employee | Time Period | Back Wages | Liquidated Damages | Total |
|---|---|---|---|---|
| Nancy Alawaby | 02/01/2016 to 07/06/2017 | $2,849.00 | $2,849.00 | $5,698.00 |
| Whitney Barnes | 06/26/2015 to 07/06/2017 | $464.51 | $464.51 | $929.03 |
| Marquita Chaulk | 02/22/2015 to 07/06/2017 | $635.57 | $635.57 | $1,271.14 |
| Stephanie Coffee | 02/22/2015 to 04/26/2015 | $39.82 | $39.82 | $79.63 |
| Krystle Foltz | 03/16/2015 to 08/21/2015 | $96.11 | $96.11 | $192.21 |
| Ester Garcia | 02/22/2015 to 07/06/2017 | $4,735.50 | $4,735.50 | $9,471.00 |
| Adriana Gonzalez | 02/22/2015 to 07/06/2017 | $4,735.50 | $4,735.50 | $9,471.00 |
| Eliga Gonzalez | 02/22/2015 to 06/01/2015 | $539.00 | $539.00 | $1,078.00 |
| Ofelia Gonzalez | 12/01/2015 to 07/06/2017 | $362.76 | $362.76 | $725.53 |
| Ellen Hardison | 06/04/2015 to 08/07/2015 | $39.82 | $39.82 | $79.63 |
| Jazmine Jackson | 08/21/2015 to 12/25/2015 | $75.21 | $75.21 | $150.41 |
| Amy Johnson | 02/22/2015 to 06/20/2015 | $49.81 | $49.81 | $99.62 |
| Yalanda Matthews | 04/25/2016 to 10/14/2016 | $101.75 | $101.75 | $203.50 |
| Mercedes Moya | 09/21/2015 to 08/02/2016 | $1,732.50 | $1,732.50 | $3,465.00 |
| Estrella Rodriguez | 08/21/2015 to 10/30/2015 | $39.82 | $39.82 | $79.63 |
| Maria Rodriguez | 06/08/2015 to 07/06/2017 | $2,032.01 | $2,032.01 | $4,064.02 |
| Ramesh Patel | 07/20/2015 to 08/21/2017 | $154.00 | $154.00 | $308.00 |
| Sarojben Patel | 07/20/2015 to 08/21/2015 | $154.00 | $154.00 | $308.00 |
| Petra Salinas | 02/22/2015 to 07/06/2017 | $269.86 | $269.86 | $539.72 |
| Jennifer Tippet | 02/22/2015 to 12/31/2016 | $546.55 | $546.55 | $1,093.11 |
| Evelin Torres | 03/18/2016 to 05/13/2016 | $30.97 | $30.97 | $61.94 |
| Barbara Warrick | 02/22/2015 to 09/13/2015 | $299.64 | $299.64 | $599.28 |
| Jasmine J. Williams | 02/01/2016 to 07/06/2017 | $322.95 | $322.95 | $645.90 |
| Jasmine S. Williams | 10/12/2015 to 03/13/2016 | $88.48 | $88.48 | $176.96 |

$ 40,790.26